NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GRACE SHUMLAI, deceased, by and through her personal legal representative and successor in interest, Terry Lewis; TERRY LEWIS,

Plaintiffs-Appellees,

v.

ERETZ CHICO PROPERTIES, LLC,

Defendant-Appellant,

and

GLAD INVESTMENTS, INC., DBA Riverside Convalescent Hospital, a California Skilled Nursing Facility; et al.,

Defendants.

No.     23-15084

D.C. No.
2:22-cv-00363-DAD-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 13, 2024[**]
San Francisco, California

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:  GRABER, CALLAHAN, and KOH, Circuit Judges.

Defendant Eretz Chico Properties, LLC, appeals the district court's order remanding this case to state court.  The district court ruled that it lacked subject matter jurisdiction over the case pursuant to Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679 (9th Cir. 2022).  Reviewing de novo jurisdictional questions, United States v. Jeremiah, 493 F.3d 1042, 1044 (9th Cir. 2007), we affirm.

Plaintiff Grace Shumlai died at Defendant's skilled nursing facility in 2020 after contracting COVID-19.  Shumlai's personal representative and successor in interest, Plaintiff Terry Lewis, filed the underlying action in California state court, alleging a state statutory claim for elder abuse and neglect, a state statutory claim for violation of patient rights, a negligence claim, and a wrongful death claim. Defendant removed the action to federal court, but the district court granted Plaintiffs' motion to remand for lack of jurisdiction.  This timely appeal followed.

Defendant argues that the district court had both federal question and federal officer jurisdiction.  But Defendant concedes that we ruled against its position on all the theories it raises on appeal in Saldana, 27 F.4th at 685–89 (holding that the district court's remand based on lack of subject matter jurisdiction was proper because "the [Public Readiness and Emergency Preparedness] Act is not a complete preemption statute").  Defendant simply "respectfully asks [us] to

reconsider." As a three-judge panel, we cannot do so. See In re Complaint of Ross Island Sand & Gravel, 226 F.3d 1015, 1018 (9th Cir. 2000) ("A three judge panel of this court cannot overrule a prior decision of this court." (citing Morton v. De Oliveira, 984 F.2d 289, 292 (9th Cir.1993))).[1]

**AFFIRMED.**

---

[1] Defendant also moved to dismiss the action. In the motion, Defendant appeared to request, in the alternative, that the court transfer willful misconduct claims to the United States District Court for the District of Columbia. See 42 U.S.C. § 247d-6d(c)-(e)(1). The district court denied as moot Defendant's motion in light of the remand order. Defendant's opening brief contains no separate or distinct argument concerning its request to transfer willful misconduct claims. Accordingly, assuming without deciding that Defendant stated claims for willful misconduct within the meaning of the statute and that Defendant adequately raised the transfer issue in the district court, Defendant has waived or forfeited on appeal any argument to transfer such claims. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").